IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. WEEKS, Individually and as Trustee of the William R. Weeks Revocable Trust Dated 07/11/2020<br>and<br>DANA J. WEEKS, Individually and as Trustee of the Dana J. Weeks Revocable Trust Dated 07/11/2020<br>  Plaintiffs<br>  vs.<br><br>FIFTH THIRD BANK, NATIONAL ASSOCIATION<br>and<br>WSFS FINANCIAL CORPORATION,<br>dba WSFS BANK<br>  Defendants | : Civil Action No.:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT

### I.   Jurisdiction and Venue

1. Jurisdiction in this Honorable Court is based on a violation of federal law conferred by 28 U.S.C. §1331 and diversity conferred by §1332; supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in that the events giving rise to plaintiffs' claims occurred in this District.

### II.   Parties

3. Plaintiff, William R. Weeks, Individually and as Trustee of the William R. Weeks Revocable Trust Dated 07/11/2020, is an adult individual residing at 2129 Green Street, Philadelphia, Pennsylvania 19130.

4. Plaintiff, Dana J. Weeks, Individually and as Trustee of the Dana J. Weeks

Revocable Trust Dated 07/11/2020, is an adult individual residing at 2129 Green Street, Philadelphia, Pennsylvania 19130.

5. Plaintiffs are husband and wife.

6. Defendant, Fifth Third Bank, National Association ("Fifth Third"), is a corporation with a principal place of business located at Fifth Third Center, 38 Fountain Square Plaza, Cincinnati, Ohio 450202.  At all times herein, defendant acted through its agents.

7. Defendant, WSFS Financial Corporation, dba WSFS Bank ("WSFS"), is a corporation with a principal place of business located at WSFS Bank Center, 500 Delaware Avenue, Wilmington, Delaware 19801.

### III.   Factual Allegations

8. Plaintiffs are the record owners of the real property commonly known by its street address of 2129 Green Street, Philadelphia, Pennsylvania 19130, which is Plaintiffs' primary residence (the "Property").

9. Prior to the events hereinafter described, plaintiffs granted a mortgage on the Property to Defendant WSFS.

10. On or about September 11, 2020, plaintiffs' mortgage was transferred to defendant Fifth Third.

11. Defendant Fifth Third is currently the servicer of plaintiffs' mortgage and non-party Freddie Mac is the owner of plaintiffs' mortgage.

12. At the time plaintiffs' mortgage was transferred to defendant Fifth Third, plaintiffs were current on their mortgage payments and were not in default or in arrears.

13.  Plaintiffs made their regular monthly mortgage payment of $3,080.14, plus an additional

$619.86, to defendant WSFS on or about September 1, 2020.

14. On or about October 1, 2020, following receipt of a notice of the transfer of their mortgage to defendant Fifth Third, plaintiffs made their regular monthly mortgage payment of $3,080.14, plus an additional $619.86, to defendant Fifth Third.

15. Then, on or about October 30, 2020, Plaintiffs made their regular monthly mortgage payment of $3,080.14, plus an additional $619.86, to defendant Fifth Third.

16. In November, 2020, defendant Fifth Third contacted plaintiffs by telephone and alleged that plaintiffs had failed to make a regular monthly mortgage payment, and demanded that plaintiffs cure the purported arrears.

17. Plaintiffs explained to defendant Fifth Third that they had timely made all their regular monthly mortgage payments.

18. Rather than investigate the status of plaintiffs' payments, defendant Fifth Third continued to make harassing collection calls to plaintiffs throughout November and December.

19. On or about December 24, 2020, plaintiffs notified defendant Fifth Third, in writing, that said defendant's accounting of their mortgage was inaccurate.

20. Plaintiffs' correspondence of December 24, 2020, stated the following facts:

   a. Plaintiffs had spoken to multiple agents and employees of defendant Fifth Third in a fruitless attempt to rectify the accounting of their mortgage;

   b. The ending balance of plaintiffs' mortgage account with defendant WSFS was $492,532.42, and the opening balance of plaintiffs' mortgage account with defendant Fifth Third was $493,152.28;

   c. Therefore, defendants' accounting of plaintiffs' mortgage, at the time it was transferred between them, was incorrect;

    d.  Defendant Fifth Third failed to properly credit plaintiffs' payments;

    e.  Defendant Fifth Third failed to properly credit plaintiffs' overpayments to their principal balance;

    f.  Defendant Fifth Third failed to properly credit the transfer of plaintiffs' escrow account from defendant WSFS.

21. In addition, Plaintiffs attached their processed checks to the December 24, 2020 correspondence proving that payments were made on September 1, October 1, October 30, and December 1, 2020.

22. On or about January 15, 2021 and February 16, 2021, defendant Fifth Third sent plaintiffs written correspondences alleging, *inter* alia, that their mortgage loan was past due in the amount of $3,184.27.

23. The statement that plaintiffs' mortgage loan was past due in the amount of $3,184.27 was false.

24. On or about February 23, 2021, defendant Fifth Third sent plaintiffs' a written correspondence stating that said defendant had no record of plaintiffs' payment of October 1, 2020, and that defendant would begin reporting plaintiffs' mortgage account as delinquent to the credit reporting bureaus.

25. The statement that plaintiffs did not make their October 1, 2020 payment to defendant Fifth Third was false.

26. Since February, 2021, defendants have refused to accept plaintiffs' monthly overpayments due to its grossly false accounting of plaintiffs' payments.

27. Since February, 2021, defendant Fifth Third, while still alleging that plaintiffs are in arrears, have been returning a portion of plaintiffs' overpayments to them.

28. Defendant Fifth Third has reported plaintiffs' account as delinquent to the major credit reporting bureaus, thereby wrongfully damaging plaintiffs' credit.

29. Plaintiffs have suffered emotional distress, anxiety, and embarrassment as a result of defendants' abusive conduct.

### IV. Causes of Action

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT
(Plaintiffs v. Defendant Fifth Third Bank, National Association)

30. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

31. Defendant Fifth Third is a debt collector within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a, because, at the time it became the servicing agent for plaintiffs' loan, it regularly collects debts owed to another.

32. Proper accounting by defendant Fifth Third for plaintiffs' mortgage loan payments would have determined that plaintiffs were not in arrears.

33. Defendant Fifth Third violated §1692e(2)(A) by making false representation of the character, amount, or legal status of plaintiffs' debt in its herein described collection activities.

34. Defendant Fifth Third violated §1692e(8) by communicating and threatening to communicate to the credit reporting bureaus that plaintiffs were delinquent in their payments, which said defendant knew or should have known was false, especially since plaintiffs had disputed the account status.

## COUNT II - FAIR CREDIT REPORTING ACT
### (Plaintiffs v. Defendant Fifth Third Bank, National Association)

35. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

36. Defendant Fifth Third is a "person" as that term is defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(b).

37. Defendant Fifth Third violated §1681n and §1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

38. Defendant Fifth Third's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to plaintiffs that are outlined more fully above.

## COUNT III – REAL ESTATE SETTLEMENT PROCEDURES ACT
### (Plaintiffs v. All Defendants)

39. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

40. Defendants are servicers of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2605 and 12 C.F.R. § 1024.41.

41. Plaintiffs are a "borrower" entitled to the protections codified at 12 U.S.C.A. §2605 and 12 C.F.R. §1024.41. Plaintiffs' mortgage is a federally related mortgage as defined in 12 C.F.R.1024.2 and involves a consumer transaction at the time the loan was taken out by Plaintiffs.

42. Defendants willfully violated RESPA in one or more of the following ways, by example

only and without limitation:

(a) By failing to properly and lawfully account for and apply payments made by the plaintiffs;

(b) By failing to make appropriate corrections in the plaintiffs' account and transmit written notification of such correction to plaintiffs(12 U.S.C. §2605(e)(2)(A));

(c) By failing to provide plaintiffs with a written explanation or clarification that includes a statement of the reasons that defendant Fifth Third believed plaintiffs' account to be correct and the name and telephone number of an individual employed by defendant Fifth Third who could provide assistance to the Plaintiff (12 U.S.C. §2605(e)(2)(B));

(d) By failing to provide plaintiffs with a written explanation or clarification that included the information requested by plaintiffs or an explanation of why the information requested was unavailable or could not be obtained defendant Fifth Third and the name and telephone number of an individual employed by defendant Fifth Third who could provide assistance to plaintiffs (12 U.S.C. §2605(e)(2)(C));

(e) By providing information regarding any overdue payment owed by plaintiffs and relating to the period described in the qualified written request to a consumer reporting agency during the 60 day period which began on the date of defendant Fifth Third's receipt of the qualified written request. (12 U.S.C. §2605(e)(3));

(f) By failing to properly and lawfully investigate and act upon the disputes enumerated in plaintiffs' qualified written request (12 U.S.C. §2605(e)(2)(C)); and

(g) By continuing to report a derogatory payment history to the consumer reporting agencies while a response to the qualified written request was due and pending.

43. As a result of the aforesaid violations of the RESPA, plaintiffs suffered damages

including but not limited to emotional distress and anxiety, increased loan costs, frustration, and aggravation.

## COUNT IV
## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT(FCEUA)
## 73 P.S. § 2270.1 et. seq.
## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)
## 73 .S. § 201-1 et. seq.
## (Plaintiffs v. Defendant Fifth Third Bank, National Association)

44. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

45. Defendant Fifth Third is within the class of "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

45. Plaintiffs are within the class of "consumers" as defined by 73 P.S. § 2270.3 of the FCUEA.

46. All of the above contacts by defendant Fifth Third were "communications" relating to a debts defined by 73 P.S. § 2270.3 of the FCUEA.

47. The foregoing acts and omissions of defendant Fifth Third constitute numerous and Multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt;

(c) The use of false representation or deceptive means to collect a debt or obtain

      information about a consumer;

(d) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

(e) Attempting to collect any amount not authorized by agreement or permitted by law.

48. Defendant Fifth Third's acts as described above were done with malicious, intentional, willful, reckless, wanton and/or displayed negligent disregard for plaintiffs' rights under the law with the purpose of coercing plaintiffs to pay the wrongful debt.

49. As a result of the above violations of the FCUEA and UTPCPL, Plaintiffs have suffered ascertainable losses in the amount of fees, charges, and costs incurred as a result of defendants' wrongfully alleged default foreclosure prosecution entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

## COUNT V - EQUITY
**(Plaintiffs v. Defendant Fifth Third Bank, National Association)**

50. Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length herein.

51. Plaintiffs are entitled to an accurate accounting of her mortgage loan by defendant Fifth Third.

## JURY DEMAND

52. Plaintiffs demands trial by jury.

**PRAYER FOR RELIEF**

Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

a. Actual and compensatory damages;

b. Treble damages;

c. Costs of litigation and reasonable attorney's fees;

d. Punitive damages;

e. Such other and further relief as the Court deems proper.

Respectfully Submitted,

__/s/ Eric S. Carroll_____
ERIC S. CARROLL, ESQUIRE
Attorney ID NO. 205959
LAW OFFICE OF ERIC S. CARROLL, LLC
150 N. Radnor-Chester Road, Suite F200
Radnor, PA 19087
Telephone: (484)362-9131
Fax: (484)346-4400
Email: ecarroll@esclegal.com

Dated: March 23, 2021