IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. WEEKS, Individually and as Trustee of the William R. Weeks Revocable Trust Dated 07/11/2020, and,<br><br>DANA J. WEEKS, Individually and as Trustee of the Dana J. Weeks Revocable Trust Dated 07/11/2020<br><br>    Plaintiffs,<br><br>v.<br><br>FIFTH THIRD BANK, NATIONAL ASSOCIATION, and WSFS FINANCIAL CORPORATION d/b/a WSFS BANK,<br><br>    Defendants. | Civil Action No.: 2:21-cv-01422-GAM |

**MEMORANDUM OF LAW IN SUPPORT OF THE PARTIAL MOTION TO DISMISS BY DEFENDANT FIFTH THIRD BANK, NATIONAL ASSOCIATION**

Defendant, Fifth Third Bank, National Association, by and through counsel, Jeffrey M. Stacko, Esq. and Dinsmore & Shohl LLP, hereby submits this Memorandum of Law (the "Memorandum") in support of its Partial Motion to Dismiss (the "Motion") the Complaint filed by Plaintiffs William R. Weeks, Individually and as Trustee of the William R. Weeks Revocable Trust Dated 07/11/2020, and Dana J. Weeks, Individually and as Trustee of the Dana J. Weeks Revocable Trust Dated 07/11/2020 ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.     PRELIMINARY STATEMENT**

Plaintiffs' Complaint fails to state viable claims pursuant to the Fair Debt Collection Practices Act (the "FDCPA") at Count I; the Fair Credit Reporting Act (the "FCRA") at Count II; the Fair Credit Extension Uniformity Act (the "FCEUA") and the Pennsylvania Unfair Trade

22108012.1

Practices and Consumer Protection Law (the "UTPCPL") at Count IV; and in equity at Count V. Therefore, and for the reasons set forth more fully below, Counts I, II, IV and V of Plaintiffs' Complaint must be dismissed as to Fifth Third with prejudice.

## II.     STATEMENT OF FACTS

Plaintiffs filed this action on March 25, 2021.  A true copy of Plaintiffs' Complaint is attached hereto as **Exhibit 1**.  The crux of Plaintiffs' various claims stems from a mortgage (the "Mortgage") transferred to Fifth Third for servicing on or about September 11, 2020.  Compl., ¶ 10.

At the time of the transfer to Fifth Third, "plaintiffs were current on their mortgage payments and were not in default or in arrears." *Id.* at ¶ 12.  Plaintiffs allege they continued to make regular monthly payments (plus additional overpayments) on the Mortgage for several months following the transfer. *Id.*, at ¶¶ 13 – 15.  Plaintiffs allege that, despite making their regular monthly payments, Fifth Third began informing Plaintiffs in November of 2020 they were behind on Mortgage payments and demanding that Plaintiffs cure the purported arrears. *Id.*, at ¶ 16.

Plaintiffs claim they "explained to [Fifth Third] that they had timely made all their regular monthly mortgage payments," and "notified [Fifth Third], in writing, that [its] accounting of [the Mortgage] was inaccurate." *Id.*, at ¶¶ 17, 19.  However, Fifth Third allegedly continued to state the Mortgage was past due and notified Plaintiffs it "would begin reporting plaintiffs' mortgage account as delinquent to the credit reporting bureaus." *Id.*, at ¶¶ 22, 24.  Plaintiffs go on to allege Fifth Third "refused to accept plaintiffs' monthly overpayments due to its grossly false accounting of plaintiffs' payments," while simultaneously "returning a portion of plaintiffs' overpayments to them." *Id.*, at ¶¶ 26-27.

Plaintiffs allege Fifth Third "has reported plaintiffs' account as delinquent to the major credit reporting bureaus, thereby wrongfully damaging [their] credit." *Id.*, at ¶ 28.

## III. LEGAL ARGUMENT

### A. Standard for Dismissal Pursuant to F.R.C.P. 12(b)(6)

A complaint should be dismissed if it fails "to state a claim upon which relief can be granted." F.R.C.P. 12(b)(6). In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept the complaint's allegations as true. *Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). The court must also construe all reasonable inferences that can be drawn from those allegations in the light most favorable to plaintiff. *Id.* However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Further, a court need not "assume that a … [plaintiff] can prove facts that … plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In order to state a valid claim, a plaintiff must provide factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly*, stressed that the allegations and the supporting facts in the complaint must raise plaintiff's right to relief to something higher than a speculative level. *Id.*

The Supreme Court refined these pleading requirements, stating that the facts pled must amount to more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Thus, when reviewing pleadings for sufficiency, the court should:

22108012.1

> Begin by identifying pleadings because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.*, at 1950. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must set out "sufficient factual matter" to show that the allegations of his or her complaint are plausible. *Id.*, at 1949-50.

Under this standard, the allegations contained in Plaintiffs' Complaint as to Counts I, II, IV and V are insufficient to state any claim against Fifth Third upon which relief can be granted – and in fact conclusively demonstrate the Plaintiffs have no right to recovery under these Counts of their Complaint. Because Counts I, II, IV and V fail to state a claim against Fifth Third, these counts should be dismissed as to Fifth Third, with prejudice, pursuant to Rule 12(b)(6).

    **B.**     **Count I of Plaintiffs' Complaint should be dismissed because Fifth Third is not a "debt collector" under the FDCPA.**

Plaintiffs have alleged that Fifth Third is a "debt collector" within the meaning of the FDCPA and, therefore, is subject to the requirements of the FDCPA which Fifth Third has allegedly violated. *See generally,* Compl., Count I. The FDCPA generally applies only to "debt collectors" as specifically defined therein. *See Police v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). Since Fifth Third is not a "debt collector" as defined by the FDCPA it is not, as a matter of law, subject to its provisions.

    **1.**     **Since Plaintiffs' Mortgage was not in default at the time it was received by Fifth Third, Fifth Third is not a "debt collector" within the meaning of the FDCPA for any actions that it took with regard to Plaintiffs' Mortgage.**

The FDCPA explicitly <u>excludes</u> from the term "debt collector":

>any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … (iii) concerns a debt which was <u>not in default at the time it was obtained by such person</u>;…

15. U.S.C.A. §1692a(6)(F)(iii) (emphasis added).  Courts have frequently interpreted this "not in default" exception to the FDCPA in the context of loan servicers who service loans for lenders, and receive the account for servicing while the loan is still current.

Such was the scenario in *Cyphers v. Litton Loan Servicing, L.L.P.*, 503 F. Supp. 2d 547 (N.D. N.Y. 2007).  There, the plaintiff-borrower brought an action alleging that the defendant-servicing company had violated the FDCPA, as well as state law.  The defendant-servicer argued that it was not a "debt collector" under the FDCPA because the loan at issue was not in default at the time that it received it for servicing.  *Id.*, at 551.  The Court, after concluding that the loan was not, in fact, in default at the time it was received by the defendant-servicer, held that the defendant-servicer was entitled to summary judgment because it was not a "debt collector" pursuant to § 1692a(6)(F)(iii).  *Id.*, at 551-52.

The Court reached an identical conclusion in *Motley v. Homecomings Financial, LLC*, 557 F. Supp. 2d 1005 (D. Minn. 2008).  *Motley* involved a purported class action brought by plaintiff-borrowers whose mortgages were serviced by the defendant-servicer, and alleged that the defendant had violated, *inter alia*, the FDCPA.  The Court, after finding that the loans were not in default at the time received by the defendant-servicer, granted summary judgment for the defendant-servicer on plaintiff-borrowers' FDCPA claim.  *Id.*, at 1008-09.

The Court in this jurisdiction has addressed the applicability of the "not in default" exception to the FDCPA in cases similar to the instant matter.  In *Prince v. NCO Financial Services*, 346 F. Supp. 2d 744 (E.D. Pa. 2004), plaintiff brought an action under the FDCPA

22108012.1

against defendant, NCO Financial Services, Inc. ("NCO") for "misleading, unfair and deceptive collection tactics by a debt collector in violation of the FDCPA." *Id.*, at 745. NCO was servicing plaintiff's account for Capital One Bank ("Capital One"). NCO asserted that it was not a "debt collector" within the meaning of the FDCPA because plaintiff's account was not in default at the time that NCO received it from Capital One for servicing. The Court, after analyzing whether plaintiff's account was in default at the time it was received by NCO, held that NCO was not a "debt collector" under the FDCPA. *Id.*, at 751. The *Prince* decision was subsequently followed by this Court again in *Alamo v. ABC Fin. Servs.*, 2011 U.S. Dist. LEXIS 5392 (E.D. Pa. Jan. 20, 2011), wherein plaintiff's FDCPA claims were dismissed because defendant servicer received plaintiff's account prior to its going into default.

As with the cases cited above, at the time that Fifth Third received Plaintiffs' Mortgage for servicing, it was not in default. Compl., ¶ 12. Since the Mortgage was not in default at the time Fifth Third received it for servicing, Fifth Third is not a "debt collector" within the meaning of 15 U.S.C.A. §1692a(6)(F)(iii) of the FDCPA. Therefore, as a matter of law, Fifth Third's motion to dismiss Plaintiffs' FDCPA claim should be granted.

**C.     Count II of Plaintiffs' Complaint should be dismissed because there are no allegations that Plaintiffs disputed the reporting of their Mortgage to a consumer reporting agency or that a consumer reporting agency notified Fifth Third of such dispute.**

Count II of the Complaint alleges that Fifth Third violated the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

The FCRA imposes duties on the furnishers of consumer credit information; specifically, where a furnisher of information is notified of a dispute regarding the accuracy of information previously disclosed, the FCRA imposes a duty on the furnisher to review such information and

report whether it was incomplete or inaccurate.  15 U.S.C. § 1681s-2(b); *Saunders v. Branch Banking & Trust Co. of VA*, 526 F.3d 142, 148 (4th Cir. 2008).  Under Section 1681s-2(a) there is no private right of action for reporting inaccurate information to the credit agencies; instead only the government can pursue such claims.  *Angino v. Wells Fargo Bank, N.A.,* 2016 U.S. Dist. LEXIS 21262, at *33-35 (M.D. Pa. Feb. 19, 2016); *Noel v. First Premier Bank*, 2012 U.S. Dist. LEXIS 32595, at *10-12 (M.D. Pa. Mar. 12, 2012).

As a furnisher of information, Fifth Third can only be liable to private parties under 15 U.S.C. § 1681s-2(b) if the following conditions are met: (1) notice was sent by the consumer of disputed information to a consumer reporting agency, (2) the consumer reporting agency notified the furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information.  *Angino v. Wells Fargo Bank, N.A., Id.*  To state a cause of action under Section 1681s-2(b), so as to trigger a duty under Section 1681s-2(b), requires that a consumer reporting agency notified a furnisher of a dispute, pursuant to Section 1681i(a)(2).  *Jaramillo v. Experian Information Solutions, Inc.*, 155 F. Supp. 2d 356, 362-63 (E.D. Pa. 2001).  In this case, as in *Jaramillo*, Plaintiffs have not pled a cause of action against Fifth Third under Section 1681s-2(b).  Nowhere in the Complaint do Plaintiffs allege that they disputed allegedly inaccurate information with credit reporting agencies, or that any credit reporting agency had brought such inaccuracies to Fifth Third's attention.

Plaintiffs' FCRA claim against Fifth Third requires them to prove that Fifth Third failed to conduct an investigation into a dispute thirty (30) days after Fifth Third received notice of a dispute <u>from a credit reporting agency</u>.  *Lalonde v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 174295, *9-10 (W.D. Pa. Dec. 15, 2016).  Whether Fifth Third received notice from any other

source such as Plaintiffs is irrelevant for the purpose of satisfying the FCRA's notice requirement. *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 784 (W.D. Ky. 2003).

Therefore, Plaintiffs have failed to state a cause of action against Fifth Third under the FCRA and Count II of Plaintiffs' Complaint should be dismissed.

> **D.    Count IV of Plaintiffs' Complaint should be dismissed because it fails to state a claim under either the FCEUA or the UTPCPL.**
>
> **1.    Since Plaintiffs' Mortgage was not in default at the time it was received by Fifth Third, Fifth Third is not a "debt collector" within the meaning of the FCEUA for any actions that it took with regard to Plaintiffs' Mortgage.**

The Pennsylvania analog to the FDCPA, the Pennsylvania Fair Credit Extension Uniformity Act (the "FCEUA"), bars debt collectors from engaging in unfair debt collection practices. Like the FDCPA, entities that begin servicing a loan before it goes into default are not liable under the FCEUA. *See* 73 Pa. Stat. § 2270.3 (stating that an entity that begins servicing a loan before it goes into default is not liable under the FCEUA); *See also Cave v. Saxon Mortg. Servs.*, 2012 U.S. Dist. LEXIS 75276 (E.D. Pa. May 30, 2012) (dismissing FCEUA claims as servicer began servicing plaintiffs' mortgage before it went into default).

In this lawsuit, Plaintiffs' Complaint alleges the Mortgage was current when it was transferred to Fifth Third. Compl., ¶ 12. Therefore, as with Plaintiffs' FDCPA claim, their FCEUA claim must be also dismissed.

> **2.    Plaintiffs' UTPCPL claim fails because the Complaint does not allege that Plaintiffs justifiably relied upon any action of Fifth Third.**

Count IV of Plaintiffs' Complaint falls short of stating a viable claim against Fifth Third under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), and therefore must be dismissed.

The Pennsylvania UTPCPL allows "any person" who purchases or leases goods or services to bring an action for an unfair or deceptive trade practice as defined under the law. 73 P.S. § 201-9.2. The UTPCPL lists specific types of conduct that are inherently deceptive and thus unlawful, *see* 73 P.S. § 201-2(4)(i)-(xx), and also contains a "catch-all" definition of deceptive conduct that prohibits: [e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi). **"In order for a private actor to succeed under this provision, he must prove the elements of common-law fraud, justifiable reliance, causation and damages."** *Allen-Wright v. Allstate Ins. Co.*, 2008 U.S. Dist. LEXIS 103272, at *19 (E.D. Pa. Dec. 19, 2008) (emphasis added). The catch-all, however, allows a plaintiff to plead "conduct likely to deceive a consumer" rather than fraudulent conduct. *Markocki v. Old Republic Nat'l Title Ins. Co.*, 2015 U.S. Dist. LEXIS 68786, at *11 (E.D. Pa. May 27, 2015). Nevertheless, each of the four elements of 1) a deceptive act, 2) justifiable reliance, 3) causation, and 4) damages are required for a cognizable UTPCPL claim. *Gidley v. Allstate Ins. Co.*, 2009 U.S. Dist. LEXIS 92998, at *7 (E.D. Pa. Oct. 6, 2009); *Kern v. Lehigh Valley Hosp.*, 108 A.3d 1281, 1290 (Pa. Super. 2015).

The Third Circuit, applying Pennsylvania law, has expressly held that "a private plaintiff alleging 'deceptive' (rather than 'fraudulent') conduct under the amended catch-all provision of the Pennsylvania [UTPCPL] **must prove that he justifiably relied on the defendant's alleged deceptive conduct or statements."** *Hunt v. United States Tobacco Co.*, 538 F.3d 217, 219 (3d Cir. 2008) (emphasis added) (dismissing UTPCPL claim for failure to sufficiently allege justifiable reliance on the face of the complaint); *see also Am. Fed'n & Mun. Emples. v. Ortho-McNeil-Janssen Pharms., Inc.*, 857 F. Supp. 2d 510, 514 (E.D. Pa. Mar. 12, 2012)). This means that a plaintiff "must allege that they relied on the defendant's deceptive conduct." *Hunt*, 538

F.3d at 222. The justifiable reliance requirement applies to "all substantive sections of the Consumer Protection Law." *Id.* at 224.

Here, Plaintiffs fail to assert a cause of action under the UTPCPL. Plaintiffs do not allege which provision of the UTPCPL, if any, Fifth Third allegedly violated, and fail to adequately plead the requisite elements of a fraudulent or deceptive act or justifiable reliance on any alleged act(s) which could be attributable to Fifth Third. Plaintiffs' Complaint includes only general references to the UTPCPL. Even assuming that Plaintiffs intended to bring an unspecified UTPCPL claim under the Act's "catch-all" provision, they have failed to state such a claim because they have not pled the requisite elements of a fraudulent or deceptive conduct against Fifth Third. The absence of any mention of justifiable reliance is fatal to Plaintiffs' UTPCPL claim.

For these reasons, Plaintiffs have failed to sufficiently plead the requisite elements of either a FCEUA or UTPCPL claim against Fifth Third, and Count IV of Plaintiffs' Complaint must be dismissed as to Fifth Third with prejudice.

      **E.**      **Count V of Plaintiffs' Complaint should be dismissed because an equitable accounting is not an independent cause of action.**

Count V of Plaintiffs' Complaint seeks an accounting of the Mortgage. Pennsylvania has abolished an equitable accounting as an independent cause of action. *Global Arena, LLC v. Eterpreting, LLC*, 2016 U.S. Dist. LEXIS 169690 (E.D. Pa. Dec. 8, 2016). Federal courts in Pennsylvania have generally held that an accounting is not a valid cause of action, but an equitable remedy. *ClubCom, Inc. v. Captive Media, Inc.*, 2009 U.S. Dist. LEXIS 7960 (W.D. Pa. 31, 2009). As such, courts in the Third Circuit have dismissed causes of action seeking an accounting, and have also held that an accounting is not an available equitable remedy under the

Real Estate Settlement Procedures Act (the "RESPA"). *See Vilkofsky v. Specialized Loan Servicing LLC*, 2017 U.S. Dist. LEXIS 91672 (W.D. Pa. June 14, 2017).

Because an equitable accounting is not an independent cause of action, and because Plaintiffs have not pled a cognizable claim which would provide for an accounting as an equitable remedy, Count V of Plaintiffs' Complaint must be dismissed as to Fifth Third with prejudice.

## IV.   CONCLUSION

For the above reasons, Defendant, Fifth Third Bank, National Association, respectfully requests that this Court grant the instant Motion and dismiss Counts I, II, IV and V of Plaintiffs' Complaint against Fifth Third with prejudice.

Dated: June 14, 2021                         /s/ Jeffrey M. Stacko
                                             Jeffrey M. Stacko, Esq.
                                             Pa. I.D. No. 314941
                                             DINSMORE & SHOHL LLP
                                             1300 Six PPG Place
                                             Pittsburgh, PA 15222
                                             412.281.5000 (t)
                                             412.281.5055 (f)
                                             jeffrey.stacko@dinsmore.com

                                             *Counsel for Defendant*
                                             *Fifth Third Bank, National Association*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Memorandum of Law in Support of Fifth Third Bank, National Association's Partial Motion to Dismiss was served upon the following via the Court's CM/ECF System on this 14th day of June, 2021:

>Eric S. Carroll, Esq.
>150 N. Radnor-Chester Road
>Suite F200
>Radnor, PA 19087
>ecarroll@esclegal.com
>
>*Counsel for Plaintiffs*
>
>Martin C. Bryce, Jr.
>Ballard Spahr LLP
>1735 Market Street, 51st Floor
>Philadelphia, PA 19103-7599
>bryce@ballardspahr.com
>
>*Counsel for WSFS Financial Corporation*
>*d/b/a WSFS Bank*

>/s/ Jeffrey M. Stacko
>Jeffrey M. Stacko, Esq.
>
>*Counsel for Defendant*
>*Fifth Third Bank, National Association*

22108012.1